ILLINOIS REDI–MIX CORP., Plaintiff-
Appellee,

v.

Eugene C. COYLE, Jr., et al., Defendants-
Appellees,

and

The United States of America,
Intervenor-Appellant,

and

Universal Atlas Cement Division, United
States Steel Corporation, and Chicago
Gravel Company, Defendants-Appel-
lants.

Nos. 15320, 15321.

United States Court of Appeals
Seventh Circuit.

May 19, 1966.

Rehearing Denied June 20, 1966.

Eugene H. Ruark, W. Gerald Thursby, Chicago, Ill., Richard M. Roberts, Acting Asst. Atty. Gen., Joseph Kovner, Atty., Tax Div., Dept. of Justice, Washington, D. C., Edward V. Hanrahan, U. S. Atty., Chicago, Ill., Meyer Rothwacks, Martin T. Goldblum, Attys., Dept. of Justice, Washington, D. C., for appellant.

W. Gerald Thursby, Joseph S. Wright, Jr., Chicago, Ill., for Universal Atlas Cement Div., United States Steel Corp. and Chicago Gravel Co.; Stevenson, Conaghan, Hackbert, Rooks & Pitts, Chicago, Ill., of counsel, for appellant.

Thomas J. Boodel, Thomas Eugene Foster, William J. Kilbridge, Chicago, Ill., for appellees; Boodell, Sears, Foster, Sugrue & Crowley, Chicago, Ill., of counsel.

Before HASTINGS, Chief Judge, and CASTLE and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

The question presented in this appeal is whether due process requires that attorneys' and accountants' fees for services rendered and to be rendered in contesting jeopardy assessments for federal income taxes be paid out of funds which are the subject of federal tax liens. The Government and two creditors of the taxpayer appeal from an order directing payment of $30,000 in attorneys' and accountants' fees from a fund on deposit in an interpleader action pending in the district court.

In February 1963, Illinois Redi-Mix Corporation, the taxpayer, entered into

separate written agreements with three other Illinois corporations, Fox Valley Transit Mix, Inc., West Suburban Transit Mix, Inc., and Newkirk Transit Mix, Inc., which provided for the sale of the assets of the three corporations to Redi-Mix for a sum in excess of $350,000. On March 6 and 7, 1963, jeopardy assessments for federal income taxes were made against the vendor corporations in the amount of approximately $900,000. The appropriate notices of federal tax liens were filed, and notices of levy were served upon Redi-Mix.

On April 11, 1963, Redi-Mix began an interpleader action in the district court, depositing approximately $300,000, an amount representing the unpaid balance of the purchase price of the assets of the vendor corporations, with the clerk of the court.[1] The complaint in interpleader named the vendor corporations, their general creditors,[2] and the District Director of Internal Revenue as possible claimants to the fund deposited. The District Director was subsequently dismissed as a party upon the filing of a complaint in intervention by the Government.

Following the jeopardy assessments, the vendor corporations commenced a separate action in the Tax Court seeking a redetermination of the deficiencies assessed. In May 1965 they filed the petition in the district court in the interpleader action which forms the subject matter of this appeal. The petition requested that the court allow $15,000 to the vendor corporations' attorneys and $15,000 to their accountants from the fund for services "rendered and to be rendered" in connection with the suit in the Tax Court. It noted that all the assets of the three corporations were either subject to notices of levy or impounded in the interpleader action and alleged that "unless this court releases such funds as are necessary for a proper determination of income tax liabilities of these [corporations], these [corporations] will be deprived of due process of law in the determination of their income tax liabilities."

The district court, over the objection of the Government and certain creditors, entered an order directing the clerk to pay the amounts requested from the fund "as a partial allowance of * * * fees for services rendered and to be rendered" in representing the corporations in the pending Tax Court proceeding.[3] This appeal followed.

The district court made no findings of fact or conclusions of law. Since the petition before the district court alleged only that due process required the release of a portion of the interpleaded fund subject to federal tax liens, it must be assumed that the court's order was based upon an acceptance of this contention. The court erred.

The claim, in substance, is that the vendor corporations will be denied a fair trial in the Tax Court at some time in the future if a portion of the interpleaded fund is not released. But it is presently impossible to determine whether any constitutional violations will occur; that can be decided only after the trial. Therefore, the issue is not ripe for judicial determination. A resolution of a constitutional question should be deferred until the facts warrant it. Communist Party v. Subversive Activities Control Bd., 367 U.S. 1, 71–72, 81 S.Ct. 1357, 6 L.Ed.2d 625 (1961).

In United States v. Brodson, 241 F.2d 107 (7th Cir.), cert. denied, 354 U.S. 911, 77 S.Ct. 1297, 1 L.Ed.2d 1428 (1957), this court held that even where an accused in a criminal prosecution for income tax evasion is left indigent by the levy of jeopardy assessments by the Internal Revenue Service he is not en-

---

1. The fund deposited consisted of a check for $201,213.67 and three nonnegotiable notes aggregating $103,288.

2. The creditors' claims aggregate approximately $150,000.

3. Execution of the order was stayed pending this appeal.

titled to a dismissal of the indictment on the ground that his indigence may thereafter deprive him of a fair trial. In that case the accused contended that funds should be released from federal tax liens to enable him to retain an accountant to assist him in the preparation of his defense. In reversing a dismissal of the indictment by the district court because of the Government's refusal to release funds, we stated:

[O]nly by a post-trial study of the whole case can it be determined whether defendant's constitutional rights to a fair trial will be violated, [and] it is well to point out that it may never be necessary to decide that question. * * * The court * * * should not exercise its power in resolving, in the shadow of a hypothesis, a controversy which it may, in the light of reality, justly and completely settle in the future, when and if the occasion arises. 241 F.2d at 110.

Moreover, almost the identical contention raised by the three corporations in the instant case was rejected by the Fifth Circuit in Lloyd v. Patterson, 242 F.2d 742 (5th Cir. 1957). There it was argued that tax liens should be released to enable a taxpayer whose suit contesting assessed deficiencies was pending in the Tax Court to retain legal and accounting services to assist him in preparing his case. The court affirmed the dismissal of a complaint seeking the partial abatement of the Government's liens, stating:

[I]t would be mere speculation for us to now decide that [the taxpayer] would be denied his constitutional rights of a fair hearing in the civil matter to be heard some time in the future because the United States has made unavailable to him his properties due to the tax lien imposed under the jeopardy assessment. 242 F.2d at 744.

The constitutional question in this case was prematurely decided. The order of the district court is reversed.