433 F.2d 524
 2 ERC 1379, 139 U.S.App.D.C. 366, 1
Envtl. L. Rep. 20,078
 THERMAL ECOLOGY MUST BE PRESERVED, an unincorporated
association, Concerned Petitioning Citizens, an
unincorporated association, the Michigan Steelhead and
Salmon Fishermen's Association, an unincorporated
association, Michigan Lake and Stream Associations, Inc., a
non-profit corporation, and Sierra Club, Petitioners,
v.
The ATOMIC ENERGY COMMISSION and the United States of
America, Respondents.
 No. 24458.
 United States Court of Appeals, District of Columbia Circuit.
 July 20, 1970.
 
 Mr. Allan I. Mendelsohn, Washington, D.C., was on the motion for petitioners.
 Mr. Edmund B. Clark, Attorney, Department of Justice, entered an appearance for respondents.
 
 
 1
 Before LEVENTHAL, TAMM[1] and WILKEY, Circuit Judges, in chambers.
 
 ORDER
 
 2
 On consideration of petitioners' motion for a temporary stay pursuant to Title 28 U.S.C. 2349(b), and of the affidavits filed with respect thereto, it is
 
 
 3
 Ordered by the Court that petitioners' aforesaid motion for a temporary stay is denied.
 
 PER CURIAM:
 
 4
 Petitioners seek a stay of hearings conducted by the Atomic Energy Commission for the purpose of determining whether Consumers Power Company should be licensed to produce electric power, on the ground that the Commission ruling denying their motions effectively precludes them from offering evidence of thermal pollution at those hearings.
 
 
 5
 The court is of the view that petitioners do not make out a case for a stay of the administrative proceedings under way. No final order has been entered by the Commission. The order on the license application may deny the license feared by petitioners. If the Commission should grant a license, and it is later determined that this reflected legal error in the failure of the Commission to consider the issue of thermal pollution and to receive material evidence duly proferred, that would be ground for vacating the order and remanding for de novo consideration. City of Pittsburgh v. Federal Power Commission, 99 U.S.App.D.C. 113, 237 F.2d 741 (1956); Scenic Hudson Preservation Conference v. Federal Power Commission, 354 F.2d 608 (2d Cir. 1965), cert. denied, Consolidated Edison Co. of New York v. Scenic Hudson Preservation Conference, 384 U.S. 941, 86 S.Ct. 1462, 16 L.Ed.2d 540 (1966). A stay can be granted by the court as an incident to review of the final order.
 
 
 6
 An agency's procedural or evidentiary rulings in the course of a proceeding do not constitute a final order justifying judicial review except in extreme instances where the action is held to constitute an effective deprivation of appellant's rights. National Airlines, Inc. v. Civil Aeronautics Board, 129 U.S.App.D.C. 180, 392 F.2d 504 (1968). An order denying intervention would be reviewable, see Public Service Commission of New York v. Federal Power Commission, 109 U.S.App.D.C. 66, 284 F.2d 200 (1960). In the present case petitioners have been granted the status of intervenors, and their complaint is from the announced refusal to accept evidence along the line proferred. If the Commission persists in excluding such evidence, it is courting the possibility that if error is found a court will reverse its final order, condemn its proceeding as so much waste motion, and order that the proceeding be conducted over again in a way that realistically permits de novo consideration of the tendered evidence. But the availability of relief from the final order granting a certificate is sufficient to preclude the ruling denying admission of evidence from being considered a final order. The possibility that an agency may make an error that is beyond the effective reach of a court is part of the price we pay for the advantages of an administrative process. That process would, in the judgment of Congress, be clogged if there were interlocutory appeals to the courts.
 
 
 7
 The denial of interlocutory appeals goes on the assumption that appeals from final orders are realistic and effective. Courts can take steps to insure that in the event of a court order reversing and remanding a final order for de novo consideration of rejected evidence and issues, the agency will make a bona fide attempt to provide the de novo consideration contemplated by the court, rather than merely rubber stamping and perpetuating its first order. Braniff Airways, Inc. v. Civil Aeronautics Board, 126 U.S.App.D.C. 399, 379 F.2d 453 (1967).
 
 
 
 [1]
 Circuit Judge Tamm did not participate in the order and opinion