441 F.2d 1329
 The CITY OF TRENTON, Teleprompter Corporation and
Teleprompter New Jersey Cable Network, Inc.
v.
FEDERAL COMMUNICATIONS COMMISSION et al.
Appeal of TELEPROMPTER CORPORATION.
Appeal of TELEPROMPTER NEW JERSEY CABLE NETWORK, INC.
 Nos. 18412, 18413.
 United States Court of Appeals, Third Circuit.
 Argued Oct. 21, 1970.
Decided April 30, 1971.
 
 John P. Cole, Jr., Cole, Zylstra & Raywid, Washington, D.C., for appellants.
 Irwin Goldbloom, Dept. of Justice, Washington, D.C., (William D. Ruckelshaus, Asst. Atty. Gen., Frederick B. Lacey, U.S. Atty., Robert V. Zener, Atty., Dept. of Justice, Washington, D.C., on the brief), for appellees.
 Before KALODNER, MURRAH* and VAN DUSEN, Circuit Judges.
 OPINION OF THE COURT
 KALODNER, Circuit Judge.
 
 
 1
 Did the District Court err in dismissing, for lack of subject matter jurisdiction, the appellants' Complaint which alleged that the Federal Communications Commission ('FCC') had violated appellants' constitutional guarantees of freedom of speech and due process in the Commission's application of its Rule 74.1105 to appellants' proposal to operate a community antenna television system in Trenton, New Jersey?
 
 
 2
 That question is presented by the instant appeals.
 
 
 3
 The background facts may be summarized as follows:
 
 
 4
 On April 18, 1968, TelePrompTer Corporation, appellant at No. 18,412, was granted a franchise by the City Council of Trenton, New Jersey to operate a Community antenna television ('CATV') system[1] in that city. TelePrompTer subsequently assigned its franchise to its wholly-owned subsidiary, TelePrompTer New Jersey Cable Network, Inc., the appellant at No. 18,413. The appellants are hereinafter referred to as 'Teleprompter.'
 
 
 5
 On July 1, 1968, Teleprompter gave notice to interested parties of its proposed operation of a CATV system in Trenton pursuant to Rule 74.1105 of the FCC Rules.[2] FCC has authority to regulate CATV systems and to issue rules and regulations and prescribe restrictions and conditions as public convenience, interest or necessity requires, provided they are not inconsistent with law.[3]
 
 
 6
 On August 1, 1968, a Philadelphia television station petitioned the FCC to enjoin Teleprompter from carrying New York signals. This petition brought into play FCC Rule 74.1105(c)[4] which provides for an 'automatic' stay of any proposed CATV system operation pending its disposition by the FCC.
 
 
 7
 On August 19, 1968, thirteen copyright owners petitioned the FCC for special relief in connection with Teleprompter's proposed Trenton operation and on August 23, 1968, a second Philadelphia TV station petitioned the FCC to temporarily prohibit carriage of New York signals by the proposed Trenton operation.
 
 
 8
 On September 23, 1968, Teleprompter filed its 'Opposition' to all of the foregoing petitions asserting that they lacked merit and were unwarranted and should be denied forthwith, or alternatively, that they be expeditiously resolved as provided in Rule 74.1109(f).[5]
 
 
 9
 On October 14, 1968, the two Philadelphia TV stations filed a joint reply to Teleprompter's 'Opposition.'
 
 
 10
 On November 29, 1968, the City of Trenton filed a 'Position Statement and Petition for Relief' which requested that 'the Federal Communications Commission act expeditiously and favorably upon TelePrompTer's CATV proposal for Trenton, New Jersey, by denying the petitions for special relief filed herein.'
 
 
 11
 On December 12, 1968, the two Philadelphia TV stations and thirteen copyright owners responded to the City of Trenton's petition.
 
 
 12
 On December 13, 1968, the FCC issued a 'Notice of Proposed Rule Making and Notice of Inquiry' ('Notice') relating to CATV systems. 33 F.R. 19028, et seq. The Notice contained proposed new rules with respect to the regulation of CATV systems, and further provided that, pending a final decision on adoption of the proposed rules, the FCC 'will halt the hearing process in all top 100 market proceedings,' 'wherever it stands.' The 'halt' order froze proceedings relating to Teleprompter's proposed Trenton CATV operation.
 
 
 13
 Ten weeks later-- February 25, 1969-- Teleprompter and the City of Trenton brought the instant action against the FCC and its members, seeking declaratory and injunctive relief with respect to (1) the automatic stay order brought into play by the provisions of FCC Rule 74.1105(c) by the filing of the injunctive petition of the Philadelphia television station on August 1, 1968; and (2) the provisions of the December 13, 1968 Notice.
 
 
 14
 Appellants alleged in their Complaint that the FCC was required by its Rule 74.1107(f) 'to determine expeditiously' the merits of the challenge to their Trenton CATV system operation, and that its failure to do so prevented the Trenton operation, in contravention of appellants' freedom of speech and due process guarantees. The Complaint further alleged that the proposed rules, embodied in the December 13, 1968 Notice, violated their constitutional rights in a respect later stated here.
 
 
 15
 The District Court, after extensive hearings, entered an Order which denied the plaintiffs' Motion for Summary Judgment and granted defendants' Motion to Dismiss the Complaint for lack of jurisdiction over the subject matter.
 
 
 16
 In an Opinion[6] accompanying its Order, the District Court found that the pleadings, affidavits and evidence failed to establish 'that the FCC had acted capriciously or arbitrarily,' or that it had used 'dilatory tactics amounting to a denial of due process during the lengthy pendency of the rulemaking proceedings.' It also found 'that there has not been a violation of constitutional or statutory authority' on the part of the FCC.
 
 
 17
 On the score of the plaintiffs' claim that the FCC proposed rules violated their First Amendment rights by prohibiting carriage of television signals of New York stations in the absence of 'retransmission consents' from those stations, the District Court held that the proposed rules lacked the dimension of 'finality,' and further noted that 'the court of appeals has exclusive jurisdiction * * * to determine the validity of * * * all final orders of the Federal Communications Commission' under 28 U.S.C.A. 2342(1).
 
 
 18
 Finally, the District Court held that in light of its stated determinations that the plaintiffs' action 'was not ripe for review' nor 'appropriate for judicial determination,' and thus 'there was a lack of jurisdiction over the subject matter.'
 
 
 19
 The instant appeals are from the District Court's dismissal Order.
 
 
 20
 Appellants here urge that the District Court erred (1) in its finding that the FCC had not acted capriciously or arbitrarily, or used dilatory tactics, with respect to appellants' proposal to operate their proposed Trenton CATV system; (2) in failing to hold that the FCC's proposed rule of retransmission consent is a prior restraint on appellants' First Amendment rights; and (3) in dismissing their Complaint for lack of subject matter jurisdiction.
 
 
 21
 The distilled essence of appellants' position with respect to their first contention may be stated as follows:
 
 
 22
 When, under the provisions of FCC Rule 74.1105(c), an automatic stay is triggered by a petition opposing a proposed CATV system operation, the FCC is required by its Rule 74.1109(f), to 'expedite its consideration and promptly issue a ruling on the merits of the petition or on the interlocutory question of temporary relief pending further procedures,' and thus the failure of the FCC to act in accordance with this Rule 'for a period in excess of six months' violated appellants' due process and First Amendment rights.
 
 
 23
 The Achilles heel of this contention is that it is utterly without factual basis with respect to its assertion of a six-month failure to act on the part of the FCC.[7]
 
 
 24
 The earlier detailed record of the FCC proceedings, initiated by the appellants' July 1, 1968 notice of the proposed Trenton CATV system operation, affirmatively establishes that the controversy, precipitated by the objections filed to such operation, did not ripen for FCC consideration and disposition until December 12, 1968, when the objecting parties filed their response to the City of Trenton's pleading of November 29, 1968.
 
 
 25
 It was only when the objecting parties' response was filed on December 12, 1968, that the pleading cycle, permitted by FCC rules, was completed in the proceedings relating to the appellants' proposed Trenton operation.
 
 
 26
 The FCC by its December 13, 1968 Notice halted all hearing process pending its final decision on adoption of its proposed rules, and thus only one day elapsed between that action and the completion of the pleading cycle on December 12, 1968. It may be noted parenthetically that the appellants have not challenged the authority of the FCC to issue its December 13, 1968 freeze order.
 
 
 27
 In the light of what has been said we find no error in the District Court's finding that the FCC had not acted capriciously or arbitrarily or used dilatory tactics in the controversy precipitated by the objections to appellants' proposed operation of a Trenton CATV system.
 
 
 28
 There remains for disposition the appellants' contention that the District Court erred in failing to hold that the FCC's proposed rule of retransmission consent violates its freedom of speech guarantees.
 
 
 29
 We find no error in this respect. As the District Court held, the challenged proposed rule lacked the dimension of finality, and should it become 'final,' only a court of appeals has jurisdiction to determine its validity as mendated by 28 U.S.C.A. 2342(1).
 
 
 30
 For the reasons stated the Order of the District Court dismissing the Complaint for lack of subject matter jurisdiction will be affirmed.[8]
 
 
 
 *
 Senior Circuit Judge of the Court of Appeals for the Tenth Circuit, sitting by designation
 
 
 [1]
 A community antenna television system ('CATV') picks up television signals by means of a high antenna located at a point of good reception, amplifies and carries them into a community by means of a cable or microwave transmission and then distributes them by cable to the homes of individual subscribers who pay a monthly fee and commonly an initial charge
 
 
 [2]
 47 C.F.R. 74.1105(a)
 
 
 [3]
 United States v. Southwestern Cable Co., 392 U.S. 157, 178, 88 S.Ct. 1994, 20 L.Ed.2d 1001 (1968)
 
 
 [4]
 47 C.F.R. 74.1105(c)
 
 
 [5]
 47 C.F.R. 74.1109(f)
 
 
 [6]
 The Opinion of the District Court is presently unreported
 
 
 [7]
 We recently held that a delay of five months on the part of the FCC before it acted on a challenge to a proposed CATV system operation was not 'unreasonable.' Bucks County Cable TV, Inc. v. United States, 427 F.2d 438, 443 (3rd Cir., 1970), cert. den. 400 U.S. 831, 91 S.Ct. 62, 27 L.Ed.2d 61
 
 
 [8]
 We are not required here to reach the question as to whether the District Court would have jurisdiction if an inordinate delay on the part of the FCC in failing to reach a final decision on adoption of its proposed rules was challenged as a denial of due process guarantees