CITIZENS FOR A SAFE ENVIRON-
MENT and the Environmental Coalition on Nuclear Power, Petitioners,

v.

ATOMIC ENERGY COMMISSION,
Respondent,

Metropolitan Edison Company et al.,
Intervenors.

No. 73–1312.

United States Court of Appeals,
Third Circuit.

Argued Oct. 26, 1973.

Decided Dec. 11, 1973.

As Amended Feb. 14, 1974.

Lawrence Sager, Sager & Sager, Associates, Pottstown, Pa., for petitioners.

Wallace H. Johnson, Asst. Atty. Gen., Raymond N. Zagone, Carl Strass, Attys., U. S. Dept. of Justice, Marcus A. Rowden, Gen. Coun., Jerome Nelson, Sol., Guy H. Cunningham, III, Atty., U. S. Atomic Energy Comm., Washington, D. C., for Atomic Energy Comm.

George F. Trowbridge, Jay E. Silberg, Wm. Bradford Reynolds, Shaw, Pittman, Potts & Trowbridge, Washington, D. C., for Metropolitan Edison Co., Jersey Central Power and Light Co. and Pennsylvania Electric Co.

Before McLAUGHLIN, GIBBONS and ROSENN, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

This case is before us on a petition, filed pursuant to 28 U.S.C. § 2342(4) and 42 U.S.C. § 2239, to review an order of the Atomic Energy Commission. The petitioners, Citizens For A Safe Environment and The Environmental Coalition on Nuclear Power, were permitted by the Atomic Energy Commission to intervene in a proceeding for the granting of a facility operating license for a nuclear electrical energy generating station filed by Metropolitan Edison Company, Jersey Central Power and Light Company and Pennsylvania Electric Company. Those applicants were granted intervention in this court, and have taken the same position as the respondent Commission. The Commission determined that the petitioners were, or had members who were, "person[s] whose interest may be affected by [the licensing] proceeding." 42 U.S.C. § 2239. That determination is not before us. Petitioners filed with the Commission a

pleading entitled "Financial and Technical Assistance," which the Commission treated as a motion. In that pleading petitioners requested:

"5. Intervenors request financial assistance for legal fees, technical experts, and witnesses in the amount of $30,000.00 under such conditions and reasonable regulations established by the Commission to assure that the said monetary grant is properly and appropriately spent so as to insure full and complete hearings in the above captioned matter in the most expeditious way."

This pleading did not allege that the petitioners were indigent.[1] The Commission denied petitioners' motion, stating:

Petitioners' filing entitled "Financial and Technical Assistance", whether considered as a mere request or as a formal motion, is hereby denied. The Commission has neither statutory nor regulatory authority which would authorize the grant of assistance which the petitioners seek.

It is so ORDERED.

From that order petitioners seek review.

 All parties contend that the case is properly before us. The parties shared contention does not, however, relieve us of the obligation of making an independent determination of our jurisdiction. The starting point is the Administrative Orders Review Act, 28 U.S.C. § 2342, which provides:

The court of appeals has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of—

(4) all final orders of the Atomic Energy Commission made reviewable by section 2239 of title 42.

Section 2239 of title 42 provides:

(a) In any proceeding . . . for the granting . . . of any license . . . the Commission shall grant a hearing upon the request of any person whose interest may be affected by the proceedings, and shall admit any such person as a party to such proceedings. . . .

(b) Any final order entered in any proceeding of the kind specified in subsection (a) of this section shall be subject to judicial review in the manner prescribed in the Act of December 29, 1950, as amended, and to the provisions of section 10 of the Administrative Procedure Act, as amended.

The present equivalent of the Act of December 29, 1950, as amended, is the Administrative Orders Review Act, 28 U.S.C. §§ 2341–51. Thus if the order denying petitioners' motion for $30,000 is a final order entered in a § 2239 licensing proceeding, it is reviewable here, and not elsewhere. If it is not such an order, it is not reviewable here in the first instance, but may be reviewable, pursuant to the Administrative Procedure Act and under some other jurisdictional statute, in a district court. *See,* *e.g.,* Izaak Walton League of America v. Schlesinger, 337 F.Supp. 287 (D.D.C. 1971); Crowther v. Seaborg, 312 F.Supp. 1205 (D.Colo.1970). The jurisdictional question has two aspects: (1) is the order one entered in a proceeding of the kind specified in § 2239(a), and (2) assuming it is of that kind, is it final.

The parties rely on the decision of the Second Circuit in Greene County Planning Board v. Federal Power Commission, 455 F.2d 412, 425–427 (2d Cir.), cert. denied, 409 U.S. 849, 93 S.Ct. 56, 34 L.Ed.2d 90 (1972). In that case the court concluded it had jurisdiction to review an order of the Federal Power Commission which refused to pay expenses and fees of intervening parties asserting interests similar to those of the petitioners before us. That case is not in point, however, because the statutory framework in which orders of the Federal Power Commission are reviewed

---

1. Neither petitioners nor the other parties have suggested that we need consider any materials other than the pleading filed with the agency and the agency order. *See* 28 U.S.C. § 2347.

is quite different. Section 313(b) of the Federal Power Act, 16 U.S.C. § 825*l* (b) provides that "[a]ny party to a proceeding . . . aggrieved by an order issued by the Commission in such proceeding may obtain a review of such order in the United States Court of Appeals . . . ." The jurisdictional grant to the court of appeals is not limited to final orders. Instead the finality requirement has been superimposed by the courts where the same issues could be reviewed upon final hearing. *See, e.g.,* Federal Power Commission v. Metropolitan Edison Co., 304 U.S. 375, 383–385, 58 S.Ct. 963, 82 L.Ed. 1408 (1938). Thus the Second Circuit was acting within its statutory jurisdiction in holding the orders to be reviewable whether or not technically final.[2] Here we must first cross the jurisdictional threshold for the Administrative Orders Review Act is jurisdictional. Port of Boston Marine Terminal Association v. Rederiaktiebolaget Transatlantic, 400 U.S. 62, 69, 91 S.Ct. 203, 27 L.Ed.2d 203 (1970). P.B.W. Stock Exchange, Inc. v. Securities and Exchange Commission, 485 F.2d 718 (3d Cir. 1973) presents an analogous problem.

■■■ Proceedings under 42 U.S.C. § 2239(a) include both licensing, which the Commission regards as adjudicatory, and rulemaking. *See* Siegel v. Atomic Energy Commission, 130 U.S. App.D.C. 307, 400 F.2d 778, 785 (1968). This licensing proceeding is, then, an adjudication. Normally in an adjudication a final order is one that disposes of all issues as to all parties. *See, e.g.,* Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945). Viewed in this light a final order in a licensing proceeding under § 2239(a) would be an order granting or denying a license. Taking this approach leads to the conclusion that the order for which review is sought does not fall

within 42 U.S.C. § 2239(b), and hence is not within the jurisdiction conferred by 28 U.S.C. § 2342(4).

■■ The practical difficulties of applying a strict finality test to an order denying an intervenor's motion for financial assistance were observed by Judge Kaufman in Greene County Planning Board v. Federal Power Commission, *supra*:

> Despite the Commission's argument that petitioners have made an inadequate showing of financial hardship, it is clear to us that a refusal to award petitioners expenses as they are incurred, particularly expenses related to the production of expert witnesses, may significantly hamper a petitioner's efforts to represent the public interest before the Commission. And, a retroactive award of experts' fees would be small consolation to a petitioner if the hearings are finished, the record is complete, and these experts were not called because of inadequate funds. 455 F.2d at 426.

But the practical difficulties cannot serve to enlarge the exclusive jurisdictional grant of 28 U.S.C. § 2342(4) or to contract whatever jurisdiction may exist in the district courts. Nor are we dealing with the considerably more flexible standard of ripeness for pre-enforcement judicial review of agency action under § 10 of the Administrative Procedure Act. *See, e.g.,* Abbott Laboratories v. Gardner, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967); Toilet Goods Association, Inc. v. Gardner, 387 U.S. 158, 87 S.Ct. 1520, 18 L.Ed.2d 697 (1967); Gardner v. Toilet Goods Association, Inc., 387 U.S. 167, 87 S.Ct. 1526, 18 L.Ed.2d 704 (1967). In these cases the district court's jurisdiction did not depend upon the type of order entered by the agency. The concern was the propriety of injunctive or declaratory relief

---

2. Lynchburg Gas Co. v. Federal Power Commission, 284 F.2d 756 (3d Cir. 1966), in which we held an order denying intervention to be nonfinal in the particular circumstances, is like Greene County Planning Board v. Federal Power Commission, *supra*, an application of a judge-made nonjurisdictional rule of finality. It does not control against the petitioners any more than *Greene County* controls in their favor.

at that stage, not finality. We have no doubt that the order denying petitioners' motion for $30,000.00 was intended by the agency to be its final action upon that request, and that his final agency action had an immediate substantial impact upon petitioners. Putting these matters beyond doubt, however, does not resolve the doubt as to whether this court has jurisdiction under 28 U.S.C. § 2342(4).

The parties urge that Port of Boston Marine Terminal Association v. Rederiaktiebolaget Transatlantic, *supra,* construing another part of the Administrative Orders Review Act, suggests that we have jurisdiction. The court said:

> [t]he relevant considerations in determining finality are whether the process of administrative decisionmaking has reached a stage where judicial review will not disrupt the orderly process of adjudication and whether rights and obligations have been determined or legal consequences will flow from the agency action. 400 U.S. at 71, 91 S.Ct. at 209.

But although we agree that judicial review at this time might not disrupt the orderly processes of adjudication, we cannot say that in the context of the licensing proceeding rights and obligations have been determined or legal consequences will flow from the agency's action. Although the ruling was intended as a final agency interpretation of the law on payment of intervenors expenses, the intervenors have been allowed to intervene and participate, they have not pleaded an inadequacy of financial resources to participate effectively,[3] and their claim to be reimbursed for their expenses can be reviewed by this court

on a petition to review the Commission's action on the license application.

In Thermal Ecology Must Be Preserved v. Atomic Energy Commission, 139 U.S.App.D.C. 366, 433 F.2d 524 (1970), it was held that a Commission ruling precluding an intervenor in a licensing proceeding from offering evidence of thermal pollution was not final for purposes of 42 U.S.C. § 2239(b) and 28 U.S.C. § 2342(4). The court pointed out that the evidentiary ruling might be reversed before a final order was entered and would in any event be reviewable on a petition to review the grant of a license.

In City of Trenton v. Federal Communications Commission, 441 F.2d 1329 (3d Cir. 1971), we affirmed the action of a district court which had undertaken, despite the subsection of the Administrative Orders Review Act applicable to the Federal Communications Commission, to consider a challenge to the speed with which the Commission was conducting a proceeding. The challenge was rejected on a ripeness basis, although the plaintiffs contended the agency's delay was causing irreparable injury. The court recognized the distinction between ripeness for judicial review under the Administrative Orders Review Act and finality of determination under the Administrative Orders Review Act, for it held that the district court and not this court properly considered the case in the first instance.

■ We conclude that what is reviewable under 42 U.S.C. § 2239(b) and 28 U.S.C. § 2342(4) in this court in a licensing proceeding at the behest of a party thereto is final action on the license. Collateral rulings of the Com-

---

3. The Comptroller General has ruled, in the context of a regulatory structure in which intervention is not a matter of right, that the Federal Trade Commission has discretionary authority in some circumstances to use funds appropriated for "necessary expenses" to assure proper case preparation by indigent intervenors. Opinion of the Comptroller General B–139703 (July 24, 1972). The petition here contains only the following conclusory allegation :

> "In order to fully assure that a full and thorough review of all pertinent issues concerning the operation of a nuclear reactor generating facility while, at the same time, expediting the proceedings as much as possible, it is necessary that the public intervenors be granted financial and technical assistance."

We do not consider this allegation as having presented an indigency issue to the Commission.

mission in the course of the proceedings must await review here until that final action is before us. We express no opinion as to whether judicial review of the Commission's order might, in an action for injunctive, mandamus, or declaratory relief, be available in the district court. Nor do we express any opinion as to the reviewability here or in the district court of an order denying financial assistance to a party who by virtue of indigency is denied effective participation.

The petition for review is dismissed for want of jurisdiction.