565 F.2d 237
 1977-2 Trade Cases 61,715
 ASSOCIATION OF NATIONAL ADVERTISERS, INC., Plaintiff-Appellant,
v.
FEDERAL TRADE COMMISSION, Calvin J. Collier, Chairman, Paul
Rand Dixon and Elizabeth Hanford Dole,
Commissioners, Defendants-Appellees.
 No. 35, Docket 77-6063.
 United States Court of Appeals,
Second Circuit.
 Argued Sept. 15, 1977.
Decided Nov. 2, 1977.
 
 Robert L. Sherman, New York City (Weil, Guttman & Davis, New York City, Gilbert H. Weil, New York City, of counsel), for plaintiff-appellant.
 Gary G. Cooper, Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty. for the Southern District of New York, Samuel J. Wilson, Asst. U. S. Atty., New York City, of counsel), for defendants-appellees.
 Before GURFEIN and VAN GRAAFEILAND, Circuit Judges, and COFFRIN, District Judge.*
 VAN GRAAFEILAND, Circuit Judge:
 
 
 1
 The issue on this appeal is whether the district court had interlocutory jurisdiction to review an order entered in a Federal Trade Commission rulemaking proceeding, which denied appellant's motion to expunge allegedly irrelevant documents from the record. The district court held that it did not have jurisdiction and dismissed plaintiff's complaint seeking injunctive relief. We affirm.
 
 
 2
 On November 11, 1974, the FTC published a notice that it had initiated a proceeding to promulgate a Trade Regulation Rule (TRR) concerning food advertising and invited public comment. See 15 U.S.C. § 57a; 16 C.F.R. § 1.11. On March 2, 1976, it published the final notice required by 16 C.F.R. § 1.12. By this time, over 15,000 pages of documents had been entered into the public record of the proceeding.
 
 
 3
 According to the final notice, the proceeding would be divided into three separate phases. The hearings in the first phase would be limited to consideration of certain issues, and all other issues would be relegated to one of the later phases. On April 12, 1976, appellant, which had been designated as the group representative for a number of interested food advertisers, see 16 C.F.R. § 1.13(c)(1)(v), petitioned the presiding officer to identify, at least thirty days prior to the commencement of proceedings, those documents relating to the first phase, and to order that those documents constitute the sole public record for the first phase up to the time of hearings. The petition was denied on April 22, 1976.
 
 
 4
 From April 28 to April 30, 1976, the FTC staff entered an additional 25,000 pages of documents into the public record. Appellant asserts that most of these documents are irrelevant to the first phase of the proceeding and that some are irrelevant to all three phases. Of the 25,000 pages, approximately 13,000 were taken from the record of the Dietary Food Hearings held before the Food & Drug Administration. On June 11, 1976, appellant petitioned the presiding officer to postpone the first phase for six months so that it could study these documents, which were not yet publicly available. The petition was denied on June 16, 1976, and on that day copies of the documents were made available to appellant.
 
 
 5
 On June 25, 1976, appellant petitioned the presiding officer to expunge from the record all of the documents entered between April 28 and April 30, to admit documents thereafter only on a showing of relevance, to postpone the hearings until appellant had a chance to appeal his ruling if adverse and to certify an adverse ruling for appeal to the FTC. The presiding officer denied the petition in toto on July 1, 1976.
 
 
 6
 On July 23, 1976, appellant filed this suit in district court. The district court dismissed for lack of jurisdiction on the ground that the presiding officer's ruling was not "final agency action" under 5 U.S.C. § 704. On appeal, appellant argues that the ruling is final agency action and thus directly reviewable. Alternatively, appellant contends that the threat of irreparable injury from denial of its statutory and constitutional right to rebut material placed in the record entitles it to interlocutory judicial review.
 
 
 7
 Before reaching these issues, we must first dispose of the Commission's contention that judicial review of the presiding officer's ruling is committed exclusively to the Courts of Appeal by 15 U.S.C. § 57a. Section 57a does provide for exclusive review by a Court of Appeals of an FTC "rule". However, such jurisdiction comes into being only after a rule has been promulgated. Id. § 57a(e)(3). A Court of Appeals does not have jurisdiction to review a ruling in a proceeding like the one in this case, which has not yet culminated in a final rule. Such a ruling must be reviewed in accordance with the general provisions for judicial review contained in the Administrative Procedure Act. See 5 U.S.C. § 703. Where no statute specifies the procedure and court for review, this section intends a district court proceeding. School Board of Broward County v. HEW, 475 F.2d 1117 (5th Cir. 1973); Rettinger v. FTC, 392 F.2d 454 (2d Cir. 1968).
 
 
 8
 The fundamental issue on this appeal, therefore, is whether the presiding officer's ruling was ripe for judicial review in the district court. It was, only if appellant had exhausted its administrative remedies, and the challenged ruling was either a final agency action or an interlocutory ruling which justified judicial intervention.
 
 
 9
 The FTC contends that appellant failed to exhaust its administrative remedies because it did not wait for the promulgation of a final TRR. This contention confuses the requirement that a petitioner exhaust its administrative remedies before seeking judicial review with the requirement that it wait until the agency action has become final before seeking review. See Pepsico, Inc. v. FTC, 472 F.2d 179, 186 n.7 (2d Cir. 1972), cert. denied, 414 U.S. 876, 94 S.Ct. 44, 38 L.Ed.2d 122 (1973). Upon the refusal of the presiding officer to certify the matter for Commission review, there were no administrative appeals available to appellant on the issue of its right to expunction of the disputed matters from the record. See 16 C.F.R. § 1.13(c)(2). Appellant had, therefore, exhausted its administrative remedies when it filed suit.
 
 
 10
 The challenged ruling was, however, neither a final agency action nor an interlocutory ruling which justified judicial intervention. Having divided the hearing into three phases, apparently without objection by appellant, the presiding officer's subsequent determination as to the relevancy of documents introduced into the public record for the hearing on the first phase was clearly procedural in nature and was not final agency action. It may be likened to a ruling excluding evidence which may not be reviewed directly, except perhaps in the rare case where the ruling "is so flagrantly wrong and demonstrably critical" as to make it certain that it would constitute reversible error on an appeal of the ultimate decision. Ecology Action v. Atomic Energy Commission, 492 F.2d 998, 1001 (2d Cir. 1974); Thermal Ecology Must Be Preserved v. Atomic Energy Commission, 139 U.S.App.D.C. 366, 368, 433 F.2d 524, 526 (1970). The order herein lacking any such indicia of finality, unless appellant could make a substantial assertion that its constitutional rights had been violated, Fay v. Douds, 172 F.2d 720 (2d Cir. 1949), or that the FTC had violated an express statutory prohibition, Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), the district court was without jurisdiction.
 
 
 11
 Citing Fay v. Douds, appellant asserts a violation of its constitutional right of free speech, because, it says, "the rulemaking proceeding underlying this action" involves commercial advertising, a protected form of speech. It also contends that it was deprived of its constitutional right to adequate cross-examination, which it characterizes as an "inseparable component of a plenary judicial process." These alleged violations are much too tenuous to justify interlocutory review.
 
 
 12
 Appellant cannot bootstrap the presiding officer's procedural ruling into a first amendment issue by reference to the underlying rulemaking proceeding. It will have ample opportunity to challenge the final rule, and intermediate rulings as well, when and if the rule is promulgated. 15 U.S.C. § 57a(e)(3). Meanwhile, the presence of the challenged documents in the record does not inhibit speech; if anything, it gives the parties more to talk about.
 
 
 13
 On the due process issue, we see no need to explore the question of how much cross-examination must be permitted in an administrative hearing to satisfy constitutional requirements. For an examination of this question, see Mobil Oil Corp. v. FPC, 157 U.S.App.D.C. 235, 259-260, 483 F.2d 1238, 1262-63 (1973); Burr v. New Rochelle Municipal Housing Authority, 479 F.2d 1165, 1168-69 (2d Cir. 1973). We find appellant's contention that it will be deprived of its right of adequate cross-examination because of the volume of documentary evidence in the record to be premature and conjectural and thus without constitutional significance. Determination of this issue must await the hearing. See Illinois Redi-Mix Corp. v. Coyle, 360 F.2d 848, 849-50 (7th Cir. 1966); Lloyd v. Patterson, 242 F.2d 742, 744 (5th Cir. 1957). If appellant's cross-examination is limited so as to preclude disclosure of disputed material facts necessary for fair determination of the rulemaking proceeding taken as a whole, it may seek relief in this Court pursuant to § 57a(e)(3).
 
 
 14
 Appellant's argument that it will be deprived of its statutory right under 15 U.S.C. § 57a(b) and (c)(1)(B) to cross-examine and present rebuttal evidence is likewise without merit. Appellant is entitled only to such cross-examination as the Commission determines to be appropriate and required for full disclosure, and this may be conducted by the Commission itself on appellant's behalf. Id. § 57a(c)(2). The district judge would have no way of knowing at the present time whether appellant's cross-examination will be unduly curtailed. Although preparation for such examination may entail substantial expense, this does not constitute irreparable injury justifying judicial review. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 51-52, 58 S.Ct. 459, 82 L.Ed. 638 (1938); Borden, Inc. v. FTC, 495 F.2d 785, 789 (7th Cir. 1974). If appellant decides that the expense involved precludes proper preparation, any injury which results is still not irreparable, because appellant can obtain review of the presiding officer's ruling when it challenges the promulgated rule. Cf. Bristol-Myers Co. v. FTC, 469 F.2d 1116, 1117 (2d Cir. 1972).
 
 
 15
 Concluding that the district court was correct in dismissing for lack of jurisdiction, we affirm. In so doing, we do not address in any way the substantive merits of appellant's contentions.
 
 
 16
 Judgment affirmed.
 
 
 
 *
 Of the District of Vermont, sitting by designation