**OHIO CITIZENS FOR RESPONSIBLE ENERGY, INC., Petitioner,**

v.

**NUCLEAR REGULATORY COMMISSION and United States of America, Respondents,**

**and**

**Cleveland Electric Illuminating Company, et al., Intervenors.**

**No. 86–3355.**

United States Court of Appeals, Sixth Circuit.

Argued Sept. 25, 1986.

Decided Oct. 14, 1986.

Rehearing and Rehearing En Banc Denied Nov. 25, 1986.

Dale A. Baich (argued), M. Joanna Ettorre, Cleveland, Ohio, for petitioner.

William C. Parler, Gen. Counsel, William H. Briggs, Jr., Solicitor (argued), E. Leo Slaggie, Deputy Solicitor, Peter G. Crane, Richard P. Levi, Nuclear Regulatory Commission, Peter R. Steenland, Jr., Arthur Gowran, Dept. of Justice, Land and Natural Resources Division, Washington, D.C., for respondents.

Jay E. Silberg (argued), Shaw, Pittman, Potts, & Trowbridge, Washington, D.C., for Cleveland Elec., Ohio Edison, Pennsylvania Power, Duquesne Light, Toledo Edison Co.

Before MARTIN, JONES and MILBURN, Circuit Judges.

MILBURN, Circuit Judge.

This matter is before the court on a request to reconsider the order entered by this court on September 4, 1986, wherein we directed that any possible vote on the full-power operation of the Perry Nuclear Power Plant be stayed pending this hearing. By this opinion we dissolve our stay order and dismiss the petition for review filed by the Ohio Citizens for Responsible Energy, Inc., because we find that the order denying the petitioner's motion to reopen the proceedings before the Appeal Board of the Nuclear Regulatory Commission was not a final order.

## I.

Ohio Citizens for Responsible Energy, Inc. (OCRE) was permitted to proceed in the licensing procedure of the Perry Nuclear Power Plant as an intervenor. The plant was operating at 5 per cent power when on January 31, 1986, an earthquake of 5.0 magnitude occurred ten miles south of the plant. The plant was designed to withstand .15 g (a "g" is a measure of ground acceleration in relation to gravity during an earthquake). However, the January earthquake was estimated to have generated between .19 and .25 g.

Three days after the quake, OCRE filed a motion to reopen the record and submit a new contention to the Atomic Safety and Licensing Appeal Board in light of the earthquake. Newspaper articles were submitted in support of the motion to reopen. In response to the motion, the Nuclear Regulatory Commission (NRC) and the applicant presented extensive technical data refuting the contention that the earthquake was safety significant. The Appeal Board determined that OCRE presented "evidence of a significant safety matter" but that it was "difficult to make an informed judgment on the basis of preliminary written materials where, as here, the combined and complicated fields of geology, seismology, and engineering mechanics come into play." The Appeal Board decided to hold an exploratory hearing to aid in its determination of whether or not to reopen the Perry Power Plant hearing on the issue of seismic design.

On April 17, 1986, the Nuclear Regulatory Commission held a sua sponte meeting to address the decision of the Appeal Board to hold an exploratory hearing. The Commission found that its "inherent supervisory authority over the conduct of NRC adjudications" gave it the authority to intervene in the matter. After considering

the instant case in light of the standards established for reopening records, the Commission vacated the Board's order setting an exploratory hearing and denied the motion to reopen.

OCRE filed a petition to review the Commission's order in this court on April 23, 1986. On August 13, 1986, the Commission published notice in the Federal Register that a discussion and possible vote on the full-power operating license for the Perry Plant would be held on September 5, 1986. On August 27, 1986, OCRE was notified of the meeting and on the same date filed a motion for continuance of the hearing with the Commission. The Commission denied the motion on the afternoon of September 4.

An emergency motion for stay of agency proceedings was filed in this court on September 3, 1986. The respondents' and intervenors' responses to the motion for stay argued that this court lacked jurisdiction. This court on September 4, 1986, stayed any voting on the Perry license, but denied a stay of the September 5 meeting of the Commission and directed that the case be expedited for hearing on the jurisdictional issue.

On September 8, a motion for expedited reconsideration was filed by the respondent, and a motion for expedited briefing and argument was filed by the intervenors. Reconsideration was denied, and an expedited briefing schedule was set by this court by order entered September 10, 1986. On September 25, 1986, the parties appeared before this court to argue the jurisdictional issue.

## II.

■ This court has jurisdiction under 28 U.S.C. § 2342 to review "all *final* orders of the Atomic Energy Commission made reviewable by section 2239 of title 42." (emphasis supplied). This court has never defined the term "final order"; however, in making this determination we are guided by well-reasoned precedent from other jurisdictions.

In *Thermal Ecology Must Be Preserved v. Atomic Energy Commission,* 433 F.2d 524 (D.C.Cir.1970) (per curiam), the District of Columbia Circuit declined to consider an appeal from the NRC's order refusing to allow petitioners to offer certain evidence in the course of proceedings. The court held that "[a]n agency's procedural or evidentiary rulings in the course of a proceeding do not constitute a final order justifying judicial review.... [T]he availability of relief from the final order granting a certificate is sufficient to preclude the ruling denying admission of evidence from being considered a final order." *Id.* at 526. *See Ecology Action v. United States Atomic Energy Commission,* 492 F.2d 998 (2d Cir.1974) (prehearing conference order excluding certain issues from consideration in construction proceedings was not a final order subject to judicial review).

We agree that interlocutory orders such as those considered in *Ecology Action* and *Thermal Ecology* should not be reviewed by this court. Although *Ecology Action* recognized that interlocutory review may be appropriate under certain circumstances, the exception "should be limited to cases where the [interlocutory] ruling is so flagrantly wrong and demonstrably critical as to make it apparent that the agency is not merely courting the possibility of reversal but is running into the certainty of it...." 492 F.2d at 1001.

■ In the instant case, we cannot conclude that interlocutory review is appropriate. The Commission's determination that the standards for reopening have not been met is supported by its decision in *Louisiana Power & Light Co.* (Waterford Steam Electric Station, Unit 3), CLI–86–1, 23 N.R.C. 1 (1986), *aff'd. Oystershell Alliance v. NRC,* 800 F.2d 1201, (D.C.Cir.1986) (per curiam). The only documentation supporting the petitioner's motion to reopen was a newspaper article. Conversely, respondents presented extensive evidence in opposition to the motion. Accordingly, we hold that the refusal to reopen under these circumstances was not so "flagrantly wrong" as to justify judicial intervention at this stage of the proceedings.

■ We conclude that, in licensing proceedings before the NRC, a final order is the order granting or denying a license.

See *Natural Resources Defense Council, Inc. v. NRC,* 680 F.2d 810 (D.C.Cir.1982); *Citizens for a Safe Environment v. Atomic Energy Commission,* 489 F.2d 1018 (3d Cir.1974). The District of Columbia Circuit's decision in *Oystershell Alliance v. NRC,* 800 F.2d 1201, (D.C.Cir.1986) (per curiam), strongly supports our conclusion. In *Oystershell Alliance,* petitioners argued that their motions to reopen the licensing proceedings should have been decided before the Commission authorized full-power operation. The court disagreed, concluding that the Commission's decision to license after examining all relevant evidence and determining that the plant could be operated safely, was "well within the Commission's discretion." At 1206.

The court also affirmed the Commission's decisions denying the motions to reopen. "Where as here the agency has taken final action on a matter that is peculiarly within its realm of expertise, we will not require the agency to reopen its proceedings except upon a clear showing of abuse of discretion or of extraordinary circumstances." *Id.* at 1207 (quoting *Mobil Oil Corp. v. ICC,* 685 F.2d 624 (D.C.Cir.1982). Implicit in the court's entire discussion is the notion that review of the final licensing decision is the appropriate proceeding in which to consider all objections.

We conclude that the analysis utilized in the decisions discussed above is the appropriate one for use in reviewing licensing decisions of the NRC. Because review of the final licensing decision may encompass all challenges raised in the proceeding, such review will be withheld until a final decision is issued.

### III.

The stay prohibiting a final vote on the full-power license is hereby dissolved, and the petition for review is dismissed.

NATHANIEL R. JONES, Circuit Judge, dissenting.

I respectfully dissent from the majority's decision that this court lacks jurisdiction in this case. I believe that the order denying petitioner's motion to reopen the record is appealable under the "collateral order" doctrine. *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The Supreme Court has declared that an order is final for the purposes of appeal when it meets the following criteria: 1) the order must be effectively unreviewable unless it is reviewed immediately; 2) it must conclusively determine the disputed question; and 3) it must involve a claim of right separable from, and collateral to, rights asserted in the action. *Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985).

The claim of right decided by the denial to reopen the record is the right of the citizens group to participate in an adjudicatory proceeding before the licensing of the nuclear plant. This right to participate is effectively lost once a license has been granted. This right is conclusively denied by the decision not to reopen the record. Most significantly, it is a claim of right separate from the merits of licensing the plant. Even if the plant is not licensed, petitioner's right to participate in the decisionmaking process will still have been infringed. Thus, it is incorrect to imply that the merits of the order are not "ripe" for adjudication until the license itself has been either granted or denied.

For these reasons I would find the order to be final and appealable.